## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | )  Criminal No. 12-cr-10367-11-DJC |
| | ) |
| ROGER JOSE ALMANZAR, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                            **January 29, 2019**

### I.      Introduction

Petitioner Roger Jose Almanzar ("Almanzar") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "Petition"), alleging ineffective assistance of counsel.  D. 876. For the reasons discussed below, the Court DENIES the Petition.

### II.     Standard of Review

An incarcerated person may seek post-conviction relief under § 2255 if his sentence "(1) was imposed in violation of the Constitution;  (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum;  or (4) was otherwise subject to collateral attack."  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  It is the petitioner's burden to make out a claim for such relief.  Id.

## III.     Factual and Procedural Background

On November 29, 2012, Almanzar, and numerous co-defendants, were named in an indictment (and, later, a superseding indictment filed on April 17, 2014)[1] charging him with conspiring to possess with intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. D. 3; D. 294. Part of the allegations for this conspiracy charge was that Almanzar had distributed cocaine to one of his co-defendants, Radhames Pena ("Pena"). D. 503 at 9. Almanzar and Pena were tried together in a bench trial that began on June 9, 2014. D. 503-08. At the trial, Almanzar conceded his guilt as to the conspiracy charge, but disputed his culpability for five kilograms of cocaine or more, which would trigger a minimum mandatory sentence of ten years. D. 503 at 13-14. Based upon the evidence presented during the course of the trial, Court found Almanzar guilty of the conspiracy charged, that the conspiracy involved five kilograms or more of cocaine and that such quantity was attributable to Almanzar. D. 508 at 7.

At the October 9, 2014 sentencing, the Court found that the applicable base offense level was 34, for 15-50 kilograms of cocaine attributable to Almanzar and applied a two-level downward variance for a pending amendment to the United States Sentencing Guidelines that had not yet gone into effect. D. 569 at 7; D. 569-1 at 4. With a Criminal History Category of III, the advisory guideline sentencing range ("GSR") was 151-188 months, above the 120-month minimum mandatory sentence that applied. D. 569-1 at 4. Although the government recommended a substantially higher sentence of 188 months, D. 569-1 at 4, the Court imposed a sentence of 140 months (below the GSR, but above the minimum mandatory sentence), five years of supervised release and a $100 special assessment. D. 566, 569. Almanzar filed a timely notice of appeal. D.

---

[1]The government superseded to allege the conspiracy charge, and its applicable minimum mandatory sentence, in compliance with Alleyne v. United States, 570 U.S. 99 (2013).

576.    On February 19, 2016, the First Circuit affirmed his conviction in a summary disposition.

D. 841.    Almanzar has now filed the Petition, D. 876, and the Court now turns to the grounds he

raises in support of the Petition.

## IV.    Grounds for Relief

Petitioner contends that he is entitled to relief under § 2255 because he allegedly received

ineffective assistance counsel in regard to his attorney's alleged failure to explain a plea offer from

the government or explain his potential sentencing exposure after trial; and for his failure to move

to sever his trial from that of his co-defendant, Pena.

## V.    Discussion

### A.    Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a petitioner must show that: "(1)

'counsel's representation fell below an objective standard of reasonableness' and (2) 'there is a

reasonable probability that, but for counsel's errors, the result of the proceeding would have been

different.'"  United States v. Constant, 814 F.3d 570, 578 (1st Cir. 2016) (quoting Strickland v.

Washington, 466 U.S. 668, 688, 694 (1984)).

The reasonableness of the attorney's representation is viewed "as of the time of counsel's

conduct."  Strickland, 466 U.S. at 690.  Judicial scrutiny of a counsel's representation and

performance must be "highly deferential" and the Court should make "every effort . . . to eliminate

the distorting effects of hindsight."  Bell v. Cone, 535 U.S. 685, 698 (2002) (internal quotation

marks omitted).

To demonstrate prejudice, Petitioner must show "that there is a reasonable probability"

that, but for the attorney's deficient performance, there would have been a different outcome.

Strickland, 466 U.S. at 694.  A "reasonable probability is one 'sufficient to undermine confidence

in the outcome.'" Johnston v. Mitchell, 871 F.3d 52, 64 (1st Cir. 2017) (quoting González-Soberal v. United States, 224 F.3d 273, 278 (1st Cir. 2001)), cert. denied, 138 S. Ct. 1310 (2018). When this claim is raised as to potential sentencing prejudice, the defendant must demonstrate that "absent the [counsel's] errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant" the sentence. United States v. Sampson, 820 F. Supp. 2d 202, 220 (D. Mass. 2011).

### 1. No Ineffective Assistance of Counsel As to the Plea Matters Raised

Almanzar's contention that his counsel failed to communicate a plea offer of 120 months from the government is belied by the record. Significantly, the prosecutor indicates that no such offer was made by the government, D. 891 at 7, and defense counsel's affidavit does not suggest otherwise, D. 891-3 at 2. The government's position throughout plea discussions was that Almanzar would be subject to a higher sentence and it ultimately recommended a sentence higher than the 140 months that this Court imposed. D. 891 at 7. Moreover, all indications were that Almanzar would not accept a 120-month sentence, not just by the account of his counsel, D. 891-3 at 2, but by the scope of the bench trial in which he did not dispute his guilt of the conspiracy charge, but contested the government's contention that the quantity of cocaine attributable to him was high enough to trigger the minimum mandatory sentence of ten years. D. 503 at 13-14; D. 507 at 21-22; see D. 717 at 22 (Almanzar's counsel arguing at sentencing, in Almanzar's presence, that "the way the negotiations went in this case," Almanzar would have pled to the charge, but for the application of the minimum mandatory sentence).

Since Almanzar's contention that there was a 120-month plea offer from the government is contradicted by the record, his related claim that his counsel was deficient in failing to advising him of greater sentencing exposure if did not accept such offer, also fails. Moreover, as the

government notes, Almanzar was advised on numerous occasions by the Court that the drug conspiracy charge against him carried a minimum mandatory sentence of ten years, but the maximum sentence was life imprisonment. D. 882 at 4 (initial appearance); D. 887 at 2 (arraignment on indictment); D. 883 at 4 (arraignment on superseding indictment).

Moreover, Almanzar has also failed to show how this alleged deficiency prejudiced him given the sentence that the Court imposed. At the sentencing, his counsel urged the Court to impose a 120-month sentence, the minimum mandatory sentence (and the specific relief that Almanzar now seeks in the Petition). D. 717 at 22-26; D. 876-1 at 13. Although the Court did not adopt this recommendation and rejected his counsel's argument that he should receive a two-level downward adjustment for acceptance of responsibility given that he had proceeded to trial on the limited issue of drug quantity, not guilt, D. 717 at 22-26, the Court expressly noted that the variance it gave from the otherwise applicable GSR incorporated consideration of acceptance of responsibility. D. 717 at 31-32. That is, there is nothing to suggest that but for counsel's alleged errors, the Court would have imposed a different sentence.

### 2. Counsel was Not Deficient in Not Moving to Sever Almanzar's Trial

"The preference for a joint trial is particularly strong where the charge is conspiracy," United States v. Saunders, 553 F.3d 81, 85 (1st Cir. 2009), as it was here between Almanzar and Pena. Accordingly, "the severance of coconspirators' trials 'will rarely, if ever, be required.'" United States v. Floyd, 740 F.3d 22, 36 (1st Cir. 2014) (quoting United States v. Flores-Rivera, 56 F.3d 219, 325 (1st Cir. 1995)). Severance is only warranted if there is a showing that there was a "serious risk that a joint trial would compromise a specific trial right of [a defendant], or prevent the jury from making a reliable judgment about guilt or innocence.'" United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).

Almanzar has failed to show how not seeking severance, particularly in light of this standard, amounted to deficient performance by his counsel. He alleges that if his trial had been severed from Pena's, he could have had the benefit of Pena's testimony in his trial. D. 876-1 at 11-12. He fails to explain sufficiently what that testimony would have been, if Pena would have testified on his behalf and how such testimony would have aided his case, which is part of the requisite showing he would have to make to demonstrate that severance for this purpose was necessary. United States v. Smith, 46 F.3d 1223, 1231 (1st Cir. 1995); see United Drougas, 748 F.2d 8. 19 (1st Cir. 1984). Although Almanzar suggests that Pena would have testified that he, not Almanzar, was "Gallo," D. 876-1 at 11; D. 892 at 5, there was much in the record presented at trial to suggest that such testimony (assuming *arguendo* that Pena would have testified to same), would not have been credible given the evidence, including but not limited to intercepted communications between Pena, Almanzar and others, tending to show that Almanzar was "Gallo" and was a drug supplier to Pena. D. 504 at 100-12. Almanzar also does not explain credibly how his and Pena's defenses rose to such a level of conflict such that the factfinder "will unjustifiably infer that this conflict alone demonstrates that both are guilty." United States v. Davis, 623 F.2d 188, 194 (1st Cir. 1980). As alleged (and as proven at the bench trial), Almanzar and Pena were co-conspirators and Almanzar supplied large quantities of cocaine to Pena for redistribution. It remains unclear how the two men's defense(s) to the conspiracy charge (or, more precisely, to the drug quantity, the only issue they contested at the bench trial) were so irreconcilable as to require severance. Since, even now, the basis for a severance motion remains unclear, this Court cannot conclude that counsel was deficient in not making such a motion, that on this record, would not have had merit.

Acha v. United States, 910 F.2d 28, 32 (1990). Accordingly, this ground of the Petition also does not warrant habeas relief.[2]

## VI.     Conclusion and Certificate of Appealability

For the foregoing reasons, the Court DENIES the Petition, D. 876.

A petitioner may receive a certificate of appealability only if he has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Such a showing is made when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based upon its analysis of the record and the applicable law, this Court does not, at this time, conclude that "reasonable jurists" could debate this Court's conclusion. Id. Accordingly, the Court is not inclined to issue a certificate of appealability but will give Petitioner until February 21, 2019 to file a memorandum, not to exceed five pages, if he desires to address the issue of whether a certificate of appealability is warranted as to the Petition.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[2]To the extent that Almanzar seeks an evidentiary hearing (and/or discovery) on any of his grounds for the Petition, D. 876-1 at 13, such hearing or related measures is not warranted. For the reasons stated above, in light of the record already before the Court, the grounds asserted here do not support the relief that Almanzar seeks in the Petition and there are no material disputes that warrant a hearing or discovery. Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992); Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 1998) (noting that "[e]videntiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted").